## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHECKERBOARD INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CUSTOMINK, LLC, <br><br> Defendant. | Civil Action No. \_\_\_\_\_- <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Checkboard Intellectual Property, LLC ("Plaintiff") makes the following allegations against CustomInk, LLC ("Defendant"):

## PARTIES

1. Plaintiff Checkboard Intellectual Property, LLC is a Delaware limited liability company, having a principal place of business of 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

2. Upon information and belief, Defendant CustomInk, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2910 District Ave., Fairfax, VA 22031. Defendant may be served via its registered agent for service of process: Corporation Service Company, 2711 Centerville Road., Suite 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 281, and 284-85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a.)

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this Judicial District.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,529,214**

6. Plaintiff is the owner by assignment of United States Patent No. 6,529,214 ("the '214 Patent") titled "Interactive Print Job Display System and Method." The '214 Patent issued on March 4, 2003. An Ex Parte Reexamination Certificate for the '214 Patent was issued on April 27, 2010. A true and correct copy of the '214 Patent and the Reexamination Certificate is attached as Exhibit A.

7. Micah Chase, Brian D. Markey, and Paul Mason are listed as the inventors of the '214 Patent.

8. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '214 Patent complied with such requirements.

9. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells interactive print job display systems which infringe the '214 Patent, shown in Exhibit B.

10. Upon information and belief, Defendant has been and is now infringing claims 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of the '214 Patent in this judicial district and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale interactive print job display systems, *i.e.*, the www.customink.com website (the "Accused Instrumentality"), covered by one or more claims of the '214 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '214 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '214 Patent pursuant to 35 U.S.C. § 271(a).

11. The Accused Instrumentality infringes claim 1 of the '214 Patent. It is an interactive image display system for displaying a printed article as it will appear when printed (*i.e.*, the displayed image of the article to be printed appears as the article will appear when printed), comprising: a user interface component, to accept information from a user for producing said printed article, and to display a graphic image representing said printed article to said user (*i.e.*, it includes a web interface which requests information from the user to include on the printed article and displays a graphic image of the printed article); a graphic layout component, to process said information and to produce a graphic description file based on said information, said graphic description file being the same file needed for a batch printing process for printing said printed article and for producing said graphic image (*i.e.*, it processes graphical data to produce a graphic description file which is used for batch printing of the printed article such as a T-Shirt); and an image producing component, to process said graphic description file and produce said graphic image based on said graphic description file, said graphic image for

display to said user by said user interface component (*i.e.*, it includes an image producing component which processes and produces a graphic image from the graphic description file to display for a user using the website). (*See* Ex. B, Figs. 1-4.)

12.     The Accused Instrumentality infringes claim 2 of the '214 Patent. It maintains said information from said user, allowing said user to modify a part of said information in order to view changes in said displayed printed article (*i.e.*, textual or graphic input from the user is saved and can be modified later by the user, allowing the user to view the changes in the article to be printed such as a T-Shirt). (*See* Ex. B, Figs. 1-4.)

13.     The Accused Instrumentality infringes claim 4 of the '214 Patent. It maintains by said user interface component is used for preparing a print job for said user (*i.e.*, the design provided by the user is saved by the web interface and used to prepare the print job). (*See* Ex. B, Figs. 1-7.)

14.     The Accused Instrumentality infringes claim 5 of the '214 Patent. It displays said graphic image with a background image representing an article to be printed on (*e.g.*, the image is displayed on a background with a T-Shirt representing the T-Shirt to be printed). (*See* Ex. B, Figs. 1-4.)

15.     The Accused Instrumentality infringes claim 6 of the '214 Patent. It displays a background image which is an image of paper stock to be printed on (*i.e.*, the image is displayed on a background including a piece of paper). (*See* Ex. B, Figs. 8-10.)

16.     The Accused Instrumentality infringes claim 7 of the '214 Patent. It displays a background image sized to be a same size as said graphic image (*i.e.*, the background article is scaled down to a proportional size of the graphic image, such as scaling the image of a T-Shirt to the size of the printed text or image). (*See* Ex. B, Figs. 1-4.)

17.     The Accused Instrumentality infringes claim 8 of the '214 Patent.  It allows a user to modify font sizes by specifying a percentage increase or decrease (*i.e.*, the user can drag the text to increase or decrease the font size).  (*See* Ex. B, Figs. 1-10.)

18.     The Accused Instrumentality infringes claim 9 of the '214 Patent.  It has a graphic description file which is a Postscript file.  (*See* Ex. B, Fig. 13.)

19.     The Accused Instrumentality infringes claim 10 of the '214 Patent.  It includes an indication of a predefined template, said predefined template including layout information for a printed article (*i.e.*, a user can select a predefined template including a layout designed for the type of article to be printed, such as a T-Shirt layout) and it uses said predefined template to produce said graphic description file (*i.e.*, the T-Shirt template is used to produce the graphic description file).  (*See* Ex. B, Figs. 1-7.)

20.     The Accused Instrumentality infringes claim 11 of the '214 Patent.  It includes a predefined template that includes at least one area for printing (*i.e.*, the templates includes a printable area such as a T-Shirt template with printable areas on the front and back).  (*See* Ex. B, Figs. 1-7.)

21.     The Accused Instrumentality infringes claim 12 of the '214 Patent.  It provides graphic images representing a plurality of related printed articles from said information from said user (*e.g.*, graphic images of related articles such as alternative shirt types are displaying using the information provided from the user such as showing alternative shirt types incorporating the same text or images provided by the user).  (*See* Ex. B, Figs. 1-7.)

22.     The Accused Instrumentality infringes claim 13 of the '214 Patent.  It interacts with said user over the Internet (*i.e.*, the www.customink.com).  (*See* Ex. B, Figs. 17 and 18.)

23. The Accused Instrumentality infringes claim 14 of the '214 Patent. It is a computer system, that performs a method of displaying a printed article as it will appear when printed (*i.e.*, the server operating the www.customink.com website displays an image of the article to be printed appears as the article will appear when printed such as displaying a graphic image of a T-Shirt with a design as it will appear when printed), comprising: obtaining text information to be printed on said printed article (*i.e.*, it requests text to be input by the user to be printed on the T-Shirt); selecting a predefined template, said predefined template including at least one area for printing (*e.g.*, it presents the user with a predefined template including at least one area for printing, such as a T-Shirt template with a print area for the front and back); producing a graphic description file based on said text information and predefined template, said graphic description file being the same file used in a printing process to produce said printed article and in producing a graphic image, wherein only said graphic description file needed in said printing process (*i.e.*, after a user selects template and adds personalized text, when the user clicks on the 'Add To Cart' button, the Accused Instrumentality creates and stores a file which contains text information and selected template which can later be recalled); processing said graphic description file into said graphic image for display on a display device, said processing including providing a background image for said graphic image, wherein said background image representing an article to be printed on (*e.g.*, when a user clicks on the graphic description file, such as a saved order, the file is used to display a graphic image including the background image which represents the article, such as a T-Shirt, to be printed on). (*See* Ex. B, Figs. 1-7, 11-12, 14-16.)

24. The Accused Instrumentality infringes claim 15 of the '214 Patent. It provides background image which is an image of paper stock to be printed on (*i.e.*, the image is displayed

on a background depicting the paper the image is to be printed upon, such as a Post-it Note, notebook, or journal). (*See* Ex. B, Figs. 8-10.)

25. The Accused Instrumentality infringes claim 16 of the '214 Patent. It provides a background image which is a same size as said graphic image for display (*i.e.*, the background article is scaled down to a proportional size of the graphic image, such as scaling the image of a T-Shirt to the size of the printed text or image). (*See* Ex. B, Figs. 1-7, 11-12, 14-16.)

26. The Accused Instrumentality infringes claim 17 of the '214 Patent. It receives an indication that said printed article is ready to be printed; it stores said text information and an indication of said selected predefined template along with an order indication number (*i.e.*, it stores the text information to be printed along with the template information; it associates it with an order number); and it receives an indication that said printed article is ready to be printed; and it produces a graphic description file based on said text information and predefined template, said graphic description file to be used for said printed process. (*See* Ex. B, Figs. 1-7, 11-12, 14-16, 19-20.)

27. The Accused Instrumentality infringes claim 18 of the '214 Patent. It is an interactive image display system for displaying a printed article as it will appear when printed (*i.e.*, it is an interactive website which displays an image of the article to be printed as the article will appear when printed such as a T-Shirt), comprising: means for interacting with a user for obtaining and modifying information for producing said printed article (*i.e.*, software components which allow the user to obtain and modify information for producing a printed article such as a T-Shirt); processing means for processing said information and producing a graphic description file based on said information, said graphic description file being the same file needed for printing said printed article and producing a graphic image (*i.e.*, a CPU which

processes the information and produces a graphic description file based on information entered by the user, and used to reproduce the printed article); display means for reading said graphic description file and displaying said graphic image corresponding to said graphic description file of said printed article to said user for viewing (*i.e.*, software components which read the graphic description file and display an image corresponding to the printed article to the user); and storage means for storing said graphic description file for printing said printed article (*i.e.*, memory such as a hard drive which is used to store the graphic description file associated with the printed article). (*See* Ex. B, Figs. 1-7, 11-12, 14-20.)

28. The Accused Instrumentality infringes claim 19 of the '214 Patent. It provides a printed article which includes a plurality of related printed articles, said plurality of related printed articles each using at least a part of said information from said user (*i.e.*, it includes a number of related printed articles such as displaying alternative shirt types that can be printed, and uses at least a portion of the information supplied by the user to generate the alternative shirt designs). (*See* Ex. B, Figs. 1-7, 11-12, 14-20.)

29. The Accused Instrumentality infringes claim 20 of the '214 Patent. It includes a means for interacting with a user includes an interactive web site remotely accessible users (*i.e.*, the interactive system is a website, [www.customink.com](www.customink.com), which is remotely accessible). (*See* Ex. B, Figs. 1-20.)

30. As a result of Defendant's infringement of the '214 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will

continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

31. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '214 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. a judgment in favor of Plaintiff that Defendant has infringed the '214 Patent;

2. a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '214 Patent, or such other equitable relief the Court determines is warranted;

3. a judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '214 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| March 2, 2017 | BAYARD, P.A. |
| OF COUNSEL: | */s/ Stephen B. Brauerman* |
| | Stephen B. Brauerman (No. 4952) |
| Neal G. Massand | Sara E. Bussiere (No. 5725) |
| Hao Ni | 222 Delaware Avenue, Suite 900 |
| Timothy Wang | Wilmington, DE 19899 |
| Ni, Wang & Massand, PLLC | (302) 655-5000 |
| 8140 Walnut Hill Ln., Ste. 310 | sbrauerman@bayardlaw.com |
| Dallas, TX 75231 | sbussiere@bayardlaw.com |
| (972) 331-4600 | |
| nmassand@nilawfirm.com | *ATTORNEYS FOR PLAINTIFF* |
| hni@nilawfirm.com | *CHECKERBOARD INTELLECTUAL* |
| twang@nilawfirm.com | *PROPERTY, LLC* |